■ In the Matter of ERIC UNOLD. In the Matter of ELISSA UNOLD. In the Matter of BRIAN UNOLD. MARIANO HALABAS, Respondent; WESLEY UNOLD, Appellant. — In three proceedings for the appointment of a guardian, Wesley Unold, the paternal uncle of the three infant children involved, appeals from three decrees (one in each proceeding) of the Surrogate's Court, Suffolk County (Signorelli, S.), all entered February 19, 1981, which, *inter alia,* appointed Mariano Halabas, the maternal grandfather, the permanent guardian of the person and property of the children, and from an order of the same court, dated August 5, 1981, which denied his application for visitation. Decrees and order reversed, on the law and the facts, without costs or disbursements, the letters of guardianship with respect to the three infants are revoked, and the within proceedings are hereby transferred to the Supreme Court, Suffolk County, for a hearing *de novo* with respect to the petitions and cross petitions for the appointment of a guardian of the person and property of each of the three

children (see SCPA 1709). The said hearing may be enlarged, in the discretion of the Justice presiding, to determine visitation rights of any party disposed to request such alternative relief. We further direct that the hearing proceed at the earliest opportunity, allowing sufficient time to bring to date the evaluation report prepared by the Consultation Unit of the Suffolk County Department of Health Services, dated April 27, 1981, and to bring to date the clinical assessment and evaluation report prepared by the West Central Florida Human Resources Centers, Inc., dated June 23, 1981. After a five-day hearing and at the conclusion of the summations of counsel, the Surrogate rendered an immediate decision from the Bench, in which he indicated that his first concern was to alleviate "the atmosphere of stress and hostility with regard to these three young children". The initial finding in such decision was that the children had been taken from their home in North Babylon by their paternal uncle to the State of Florida without lawful authority as a result of which their education and lives had been disrupted. The court further found that the paternal uncle was not acting in the best interests of the children and that he was acting to further his own financial interest. The decision concluded with the following paragraph: "Now, I will say to you, Mr. Bennett [counsel for the paternal uncle], and I believe you are a decent person and that you do genuinely feel that the best interests of the children should be considered in arriving at a determination in this matter. And I will tell you, that I have an abiding interest in the welfare of these children. I therefore intend to oversee the stewardship of Mr. Halabas. I will order a home study for both the North Babylon and Florida homes and families and upon the receipt of these reports, I will re-schedule the matter for a hearing on notice to all of the parties in order that I may review my own order as rendered herein." We note at the outset that the pertinent statutory provision of law (SCPA 1707, subd 1) states as follows: "If the court be satisfied that the interests of the infant will be promoted by the appointment of a guardian of his person or of his property, or of both, it must make a decree accordingly. The same person may be appointed guardian of both the person and the property of the infant or the guardianship of the person and of the property may be committed to different persons. The court may appoint a person other than the parent of the infant or the person nominated by the petitioner." In his decision the Surrogate failed to make any determination in support of his decision granting the guardianship of the three infant children to the petitioner Mariano Halabas. In addition, the record does not disclose any basis for the Surrogate's immediate determination, prior to his receipt of any home studies or psychological evaluations. In *Matter of Bennett v Jeffreys* (40 NY2d 543, 551) the Court of Appeals, in a matter involving custody, stated: "Most important, no psychological or other background examination of the mother had ever been obtained. There was, therefore, no consideration of whether the mother is an adequate parent, in capacity, motivation, and efficacious planning. Nevertheless, the Appellate Division determination may well be right. Thus, a new hearing is required because the Family Court did not examine enough into the qualifications and background of the long-time custodian, and the Appellate Division did not require further examination into the qualifications and background of the mother. Each court was excessive in applying abstract principles, a failing, however important those principles are." Since the within case warranted an in-depth analysis of what would constitute the best interests of the children, the Surrogate should have had appropriate investigations conducted prior to his determination with respect to the appointment of a guardian. In addition, his findings should have reflected those factors which he deemed significant in making such determination. We are transferring the matter to the Supreme Court, Suffolk County, in

the exercise of our discretion and for the purpose of avoiding any appearance of partiality, bias or lack of objectivity upon the new hearing. Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.